1  Bradley P. Hartman (#017263)
   Kenneth C. Spafford (#021336)
2  **STINSON MORRISON HECKER** LLP
3  1850 North Central Avenue, Suite 2100
   Phoenix, Arizona  85004-4584
4  Tel:  (602) 279-1600
   Fax:  (602) 240-6925
5  Email: bhartman@stinson.com
   Attorneys for Plaintiff
6

7              **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF ARIZONA**

9   Triumph Motorcycles Limited, a        )    No. CIV _____
    corporation organized under the laws  )
10  of the United Kingdom; and Triumph     )    **COMPLAINT**
    Designs Limited, a corporation         )
11  organized under the laws of the United )    Federal Trademark Infringement;
    Kingdom,                               )    Federal Unfair Competition - False
12                                         )    Designation; Common Law Trademark
                    Plaintiffs,            )    Infringement; Common Law Unfair
13                                         )    Competition
    v.                                     )
14                                         )    (Jury Trial Demanded)
    Rivco Products, Inc., a Wisconsin      )
15  corporation,                           )
                                           )
16                  Defendant.             )

17          Plaintiffs  Triumph  Motorcycles  Limited  and  Triumph  Designs  Limited

18  (collectively, "Plaintiffs") allege:

19                          **Parties**

20          1.      Triumph Motorcycles Limited ("Triumph Motorcycles") is a corporation

21  organized under the laws of the United Kingdom.

22          2.      Triumph Designs Limited ("Triumph Designs") is a corporation organized

23  under the laws of the United Kingdom.

24          3.      Defendant Rivco Products, Inc. ("Rivco" or "Defendant") is a Wisconsin

25  company with its principal place of business in Burlington, Wisconsin.

26

**Jurisdiction and Venue**

4.    Jurisdiction is proper in the District of Arizona because Rivco has purposefully directed its goods and business activities to the State of Arizona, committed acts of trademarks infringement, false advertising and unfair competition within this District, and have caused events to occur in this District that are the subject of this litigation.

5.    This Court has subject matter jurisdiction in this case under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).   In addition to claims under federal trademark laws, 15 U.S.C. §§ 1051 *et seq.*, this complaint alleges unfair competition, false designation, and state unfair competition claims which are substantially related to the trademark claims.

6.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Arizona.

**Plaintiffs and the TRIUMPH® Trademark**

7.    Plaintiff Triumph Motorcycles produces and sells motorcycles and motorcycle parts and accessories, including the America and Triumph Rocket III brand motorcycles (the "Triumph Goods").

8.    Plaintiff Triumph Designs is the owner of various intellectual property used by Triumph Motorcycles in connection with the Triumph Goods, including the trademarks TRIUMPH, TRIUMPH MOTORCYCLES, and the following design marks (collectively, the "TRIUMPH Marks"):

  

DB04/803912.0024/389339.1

9.     Triumph Designs is the owner of the following trademarks registered with the U.S. Patent and Trademark Office ("USPTO") (the "TRIUMPH® Registrations"):

| Mark and Goods | First Use | Filing Date | Reg. Date | Reg. No. |
|---|---|---|---|---|
|  for "motorcycles" | 1910 | 06/15/1950 | 01/01/1952 | 552,794 |
| TRIUMPH MOTORCYCLES | 1996 | 03/31/1995 | 08/26/1997 | 2,091,751 |

For "watch chains; ornamental badge pins in the nature of jewelry; watches and bands therefor; and chronographs for use as watches; luggage, namely, garment bags for travel, back packs, and attache cases; and clothing, namely, jeans, jackets, salopettes, gloves and boots, all of leather; rainwear, namely, oversuits, salopettes and jackets; and cloth overalls, jackets, denim jeans, T-shirts, and sports shirts"

10.     The TRIUMPH® Registrations are current. (See Exhibit A)

11.     Triumph Motorcycles, directly and through its U.S. subsidiary, has used the TRIUMPH Marks under license from Triumph Designs to identify Triumph Goods sold in the United States, including Triumph Goods sold within this judicial district.

12.     Triumph Motorcycles has sold in U.S. interstate commerce caliper covers identified by the TRIUMPH® Marks and intended for use with the Triumph America motorcycle .

13.     Plaintiffs have spent millions of dollars to promote the Triumph Goods under the TRIUMPH® Trademarks.

14.     As a result of long, continuous and widespread use and promotion of the TRIUMPH® Trademarks by Plaintiffs in association with the Triumph Goods, the public identifies the TRIUMPH® Trademarks exclusively with Triumph Goods, creating valuable intellectual property rights and goodwill for Plaintiffs.

DB04/803912.0024/389339.1

**Defendant Rivco and the Counterfeit Design**

15.    Defendant Rivco is a manufacturer, distributor and/or retailer of motorcycle parts and accessories (the "Rivco Goods").

16.    Rivco operates, or has operated, an Internet Web site or sites accessible at the Internet address www.rivcoproducts.com (the "Rivco Web Site"). (See Exhibit B)

17.    Rivco Goods are, or have been, advertised at an Internet site accessible from the Rivco Web Site. (See Exhibit C)

18.    Rivco Goods are, or have been, advertised in a catalog accessible from the Rivco Web Site.  (See Exhibit D)

19.    Rivco Goods are, or have been, available for purchase over the Internet at a Web site accessible from the Rivco Web Site.  (See Exhibit E)

20.    Rivco sells the Rivco Goods through retailers throughout the United States, Canada, and several foreign jurisdictions, including the United Kingdom.  (See Exhibit F)

21.    Rivco sells the Rivco Goods through 25 retailers located in the Phoenix metropolitan area. (See Exhibit G)

22.    The Rivco Goods include, or have included, front and rear caliper clips for use with the Triumph America and Triumph Rocket III motorcycles of Plaintiff Triumph Motorcycles (the "Infringing Goods"). (See Exhibit H)

23.    Rivco has identified the Infringing Goods by a designation substantially similar to one or more of the TRIUMPH® Trademarks (the "Counterfeit Design"). (See Exhibit I)

24.    The Counterfeit Design is affixed directly to the Infringing Goods. (Exhibit I)

DB04/803912.0024/389339.1

25.     The Infringing Goods are identified by Rivco as SKUs TA030 (Triumph America front caliper cover); TR3030 (Triumph Rocket III front caliper cover – pair) and TR3031 (Triumph Rocket III rear caliper cover – single).

26.     Rivco uses the Counterfeit Design in commerce.

27.     Rivco has sold Rivco Goods to retailers in Arizona.

28.     Rivco has sold Rivco Goods directly to consumers in Arizona.

29.     Rivco has sold the Infringing Goods, identified by the Counterfeit Design, to retailers and distributors in Arizona.

30.     Rivco has sold the Infringing Goods, identified by the Counterfeit Design, directly to consumers in Arizona.

31.     Rivco has sold the Infringing Goods, identified by the Counterfeit Design, via the Rivco Web Site.

32.     Rivco has used and is using the Counterfeit Design without license, permission or consent of Plaintiffs.

33.     The Counterfeit Design on the Infringing Goods is identical to the federal registration for TRIUMPH® identified in Reg. No. 552,794.

34.     With the exception of the word "Motorcycle," the Counterfeit Design on the Infringing Goods is identical to the federal registration for TRIUMPH® identified in Reg. No. 2,091,751.

35.     The Counterfeit Design is a "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B).

36.     Rivco's use of the Counterfeit Design on the Infringing Goods mimics the TRIUMPH® Trademarks which have become identified in the public mind with Plaintiffs and the Triumph Goods.

DB04/803912.0024/389339.1

37.     The Rivco Goods and Triumph Goods are intended for use with motorcycles.

38.     The Infringing Goods and Triumph Goods are intended for use with motorcycles.

39.     The Infringing Goods, identified by the Counterfeit Design, are intended for use with Triumph brand motorcycles.

40.     The Infringing Goods and Triumph Goods are promoted and distributed using similar marketing methods.

41.     The Infringing Goods and Triumph Goods are sold through similar types of retail establishments.

42.     The Infringing Goods and Triumph Goods are intended for the same type of consumers.

43.     The Counterfeit Design is similar in sight, sound, and commercial impression to one or more of the TRIUMPH® Trademarks.

44.     The Counterfeit Design is a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use.

45.     Rivco's use of the Counterfeit Design causes, or is likely to cause, confusion, mistake, or deception among others as to the affiliation, connection or association of Rivco with Plaintiffs or whether the origin, sponsorship or approval of the Infringing Goods is by Plaintiffs.

## FIRST CLAIM FOR RELIEF

### Federal Law - Trademark Infringement

46.     Plaintiffs incorporate in this Claim for Relief all allegations contained in this Complaint.

DB04/803912.0024/389339.1

47.     The TRIUMPH® Trademarks are distinctive trademarks used in interstate commerce to identify the Triumph Goods.

48.     Triumph Designs is the owner of record for the federal registrations of the TRIUMPH® Trademarks.

49.     The federal registrations of the TRIUMPH® Trademarks are current, valid, and subsisting.

50.     Defendant Rivco is using in commerce the Counterfeit Design in connection with the sale, offering for sale, distribution or advertising of the Infringing Goods.

51.     The Counterfeit Design is an imitation of the TRIUMPH® Trademarks.

52.     The Counterfeit Design is similar in sight, sound or meaning to the TRIUMPH® Trademarks.

53.     The Counterfeit Design is an exact replication of the 552,794 TRIUMPH Registration..

54.     The Infringing Goods are identical, similar or competitive to the Triumph Goods.

55.     Defendant's marketing channels for the Infringing Goods are the same, or similar, to those used by Triumph Motorcycles for the Triumph Goods.

56.     Upon information and belief, Defendant selected the Counterfeit Design willfully with a intent to trade on the reputation and goodwill developed by Plaintiffs in the TRIUMPH® Trademarks.

57.     Upon information and belief, Defendant's actions were undertaken with the intent to confuse and deceive the public.

58.     Defendant's acts have caused, or are likely to cause, confusion, mistake or deception because the public is likely to believe, mistakenly, that Defendant and its

products have their source or origin with Plaintiffs or are in some manner approved by, associated with, sponsored by or connected with Plaintiffs, all in violation of 15 U.S.C. §§ 1114 *et seq.*

59. Defendant's actions have damaged, or will damage, Plaintiffs' business, reputation and goodwill and have interfered, or will interfere, with the use by Plaintiffs of their own trademarks, including trademarks registered with the USPTO.

60. Defendant should be, upon final hearing, permanently enjoined pursuant to 15 U.S.C. § 1116, from using the Counterfeit Design, the TRIUMPH® Trademarks, or any other similar trademarks or service marks incorporating TRIUMPH, text-only or stylized.

61. Plaintiffs are entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's profits, (ii) damages sustained by Plaintiffs, (iii) the costs of this action, (iv) for intentional infringement, bad faith and willful conduct, three times profits and damages, whichever is greater, (v) statutory damages of up to One Million Dollars ($1,000,000) in lieu of actual damages and profits, at Plaintiffs election, and (vi) attorneys' fees.

62. Plaintiffs are entitled and seek an order from this Court, under 15 U.S.C. § 1118, compelling Defendant to destroy all materials bearing the Counterfeit Design.

## SECOND CLAIM FOR RELIEF

### Federal Law Unfair Competition - False Designation of Origin

63. Plaintiffs incorporate in this Claim for Relief all allegations contained in this Complaint.

64. Defendant's use, or intended use, of the Counterfeit Design represents a false designation of origin likely to cause confusion, mistake and deception as to the affiliation, connection or association of Defendant with Plaintiffs and the origin,

8

sponsorship and approval of the Rivco Goods with the goods, services and commercial activities of Plaintiffs, all in violation of 15 U.S.C. § 1125(a).

65.     Defendant's actions have damaged, or are likely to damage, Plaintiffs' business, reputation and goodwill.

66.     Defendant should be, upon final hearing, permanently enjoined pursuant to 15 U.S.C. § 1116, from using, or seeking USPTO registration of, the Counterfeit Design, the TRIUMPH® Trademarks, or any other similar trademarks or service marks incorporating TRIUMPH, text-only or stylized.

67.     Plaintiffs are entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's profits, (ii) damages sustained by Plaintiffs, (iii) the costs of this action, (iv) for intentional infringement, bad faith and willful conduct, three times profits and damages, whichever is greater, (v) statutory damages of up to One Million Dollars ($1,000,000) in lieu of actual damages and profits, at Plaintiffs election, and (vi) attorneys' fees.

68.     Plaintiffs are entitled and seek an order from this Court, under 15 U.S.C. § 1118, compelling Defendant to destroy all materials bearing the Counterfeit Design.

### THIRD CLAIM FOR RELIEF

### State Common Law Trademark Infringement

69.     Plaintiffs incorporate in this Claim for Relief all allegations contained in this Complaint.

70.     This cause of action for trademark infringement arises under the common law of the State of Arizona.

71.     The TRIUMPH® Trademarks have acquired special significance whereby the public identifies the marks as a designation of Triumph Goods.

9

72.     Defendant's use of the Counterfeit Design is likely to cause confusion, mistake or deception as to source, origin, sponsorship or approval of the Rivco Goods by Plaintiffs.

73.     Defendant's use of the Counterfeit Design has caused, or is likely to cause, damage to Plaintiffs.

74.     Defendant's use of the Counterfeit Design constitutes infringement of the TRIUMPH® Trademarks.

75.     Plaintiffs are entitled to an award of damages from Defendant for the loss of business and other monetary losses that Plaintiffs have suffered and will continue to suffer in the future as a proximate result of Defendant's misappropriation and infringement of the TRIUMPH® Trademarks.  Alternatively, Plaintiffs are entitled to recover damages in an amount equivalent to the amount of profits that Defendant has derived and may continue to derive as a result of its unlawful misappropriation and infringement of the TRIUMPH® Trademark.

76.     Defendant's conduct as described above has been willful, deliberate, malicious, and intended to injure Plaintiffs.  Therefore, Plaintiffs are also entitled to recover exemplary damages from Defendant to punish and to deter it and others similarly situated from engaging in similar wrongful conduct in the future.

77.     Defendant should also be, upon final hearing, permanently enjoined from using the Counterfeit Design, the TRIUMPH® Trademarks, or any other similar trademarks or service marks incorporating TRIUMPH, text-only or stylized.

**FOURTH CLAIM FOR RELIEF**

**State Common Law Unfair Competition**

78.     Plaintiffs incorporate in this Claim for Relief all allegations contained in this Complaint.

DB04/803912.0024/389339.1

79.     This cause of action is for unfair competition under the common law of the State of Arizona.

80.     The TRIUMPH® Trademarks have come to represent the Triumph Goods.

81.     Defendant's use of the Counterfeit Design is likely to cause confusion to the public to the commercial detriment of Plaintiffs.

82.     Defendant's use of the Counterfeit Design has caused damage to Plaintiffs.

83.     Defendant's aforesaid wrongful acts and unauthorized use of the Counterfeit Design constitutes unfair competition.

84.     By reason of Defendant's conduct, Plaintiffs are entitled to recover actual damages.

85.     Defendant's conduct was and is intentional and in deliberate disregard of the rights of Plaintiffs.  By reason thereof, Plaintiffs are entitled to recover not only actual damages, but also punitive or exemplary damages in an amount sufficient to deter Defendant from similar conduct in the future.

86.     Defendant should also be, upon final hearing, permanently enjoined from using the Counterfeit Design, the TRIUMPH® Trademarks, or any similar designations incorporating TRIUMPH, text-only or stylized.

**<u>Jury Demand</u>**

87.     Plaintiffs request a jury trial on the claims asserted herein.

WHEREFORE, Plaintiffs request a judgment against Defendant Rivco Products, Inc. as follows:

A.     Temporarily, preliminary and permanently restraining and enjoining Defendant from: (1) selling any merchandise bearing the Counterfeit Design or any

DB04/803912.0024/389339.1

1   variations or combinations of "TRIUMPH" as a trademark or service mark for

2   motorcycle parts or accessories or similar goods or services; (2) using the TRIUMPH

3   designation or any variations or combinations of "TRIUMPH" in or as part of the title

4   or name of any business or service or commercial activity related to motorcycle parts or

5   accessories or similar goods or services, including on the Internet or in catalogs; (3)

6   using the Counterfeit Design or any other identical or similar mark, word or name as a

7   trademark, service mark, trade name or corporate name in any manner likely to cause

8   confusion, mistake or deception with Plaintiffs, the TRIUMPH® Trademarks or the

9   Triumph Goods; (4) maintaining or pursuing any application for federal registration of

10  the Counterfeit Design, alone or in combination with other letters, terms or phrases; or

11  (5) registering or using the word "TRIUMPH" as part of any Internet domain name.

12          B.      Directing Defendant to: (1) notify all customers, distributors, advertisers

13  and other persons involved in Defendant's sale of, or attempt to sell, products or

14  services using the Counterfeit Design, that the TRIUMPH® Trademarks are owned and

15  controlled exclusively by and for the benefit of Plaintiffs; and (2) deliver to Plaintiffs to

16  be destroyed all goods, labels, signs, prints, packages, wrappers, receptacles, and

17  advertisements in Defendant's possession and bearing the Counterfeit Design (or any

18  other mark, name, or other designation, description, or representation that violates

19  § 1125(a)) or any reproduction, counterfeit, copy, or colorable imitation thereof, and all

20  plates, molds, matrices, electronic files, graphics, and other means of making the same;

21          C.      Awarding Plaintiffs Defendant's profits and compensatory damages, in an

22  amount to be proved at trial, for the injuries sustained by Plaintiffs as a result of the acts

23  complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b);

24          D.      Awarding Plaintiffs, at Plaintiffs' election under 15 U.S.C. § 1117(c) and

25  in lieu of actual damages and profits, statutory damages in the amount of not less than

26

12

1    $500 or more than $1,000,000 per counterfeit mark per type of goods or services sold,

2    offered for sale, or distributed by Defendant, as the court considers just;

3        E.    Ordering an accounting by Defendant of all profits derived from the

4    providing of goods or services through the use of the Counterfeit Design;

5        F.    Awarding Plaintiffs the amount by which Defendant has been unjustly

6    enriched by its wrongful acts;

7        G.    Awarding Plaintiffs punitive and exemplary damages in an amount

8    sufficient to deter in the future Defendant's willful acts complained of herein;

9        H.    Awarding Plaintiffs their costs and reasonable attorneys' fees incurred in

10   connection with this action; and

11       I.    Awarding Plaintiffs such other and further relief that is just and proper.

12       DATED this 24th day of April, 2008.

13                                          **STINSON MORRISON HECKER** LLP

14

15                        By:    s/Bradley P. Hartman                    
16                               Bradley P.  Hartman
                                 Kenneth C. Spafford
17                               1850 N. Central Avenue, Suite 2100
                                 Phoenix, Arizona  85004-4584
18                               Attorneys for Plaintiffs

19

20

21

22

23

24

25

26                                          13